**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO.: 3:14-bk-00581 |
| ) | CHAPTER 13 |
| MICHAEL RYAN PROFFITT ) | |
| LAURA ELIZABETH PROFFITT ) | |
| Debtor(s). ) | |

## MORTGAGE MODIFICATION MEDIATION ORDER

This case was considered by the Court on the Debtors' Motion for Mortgage Modification Mediation (Doc. No. 18) Finding that the Debtors desire to retain their primary residence and have stated that they have sufficient income to justify mediation with the goal of modifying the current mortgage[s] encumbering their primary residence, it is:

ORDERED:

1. <u>Creditor Representative</u>. Within 14 days of the entry of this Order, the creditor, if unrepresented, shall file a designation on the record of the creditor's contact for this loan modification mediation, and supply debtor and debtor's counsel with the loan modification package.

2. <u>Scheduling</u>. Within 28 days of the entry of this order, counsel for debtor[s] or, if unrepresented, the debtor[s] shall coordinate the date, time, and place of the mediation at a mutually convenient time working directly with creditor[s]' counsel and the mediator.

3. <u>Completion of Mediation within 90 Days</u>. The debtors and PHH MORTGAGE are ordered to attend mediation to be scheduled within 60 days of the date of this order and completed within 90 days, unless agreed to by all parties.

4. <u>Selection of Mediator</u>. The parties shall select a qualified mediator. A Notice of Scheduling Mediation shall be filed with the Court within 7 days of scheduling the mediation.

5. <u>Court Selection of Mediator</u>. If the parties are unable to agree or to secure a mediator within 28 days of the entry of this order, counsel for debtor[s] or debtor[s] shall, or the creditor[s]' counsel may, notify the Court, in writing, so that the Court can appoint a mediator.

6. <u>Debtors' Financial Documents</u>. Counsel for debtors or, if unrepresented, the debtor[s] shall, 28 days after entry of this order, provide debtor[s]' most current (within 30 days) financial information to Counsel for creditor[s] if applicable and as follows:

    a. HAMP RMA Financial Disclosure;
    b. Lender Specific Modification Form;
    c. Last 2 months of pay stubs for all non-self-employed borrowers;
    d. 6 month profit/loss statement from self-employed borrowers, typed, signed and dated on business letterhead;

    e. Benefit Statements (Social Security, Disability, Unemployment, Welfare, Pension Award Letter, etc.);
    f. Lease agreement (if claiming rental income), or contribution letter;
    g. Last 2 months of bank statements (all pages), personal and business, if applicable;
    h. Last 2 years of signed Tax Returns, personal and business, if applicable;
    i. IRS Form 4506-T;
    j. Current utility bill (with debtor[s]' name on it and property address);
    k. Homeowners' insurance quote/policy;
    l. Current tax assessment for property;
    m. Proof of HOA Dues;
    n. Hardship Letter, signed and dated;
    o. Schedule I;
    p. Schedule J;
    q. Chapter 13 Plan;
    r. Consent to Escrow, signed and dated;
    s. Dodd-Frank Form; and
    t. Any additional documents requested by creditor.

7. <u>Creditor Request for Additional or Updated Documents</u>. At least 14 days prior to the scheduled mediation, creditor[s] and its counsel shall review the debtor[s]' financial information and notify the debtor[s] of any additional or updated financial records they must supply to the creditor[s], and to the mediator. Debtor[s] shall provide creditor[s]' and its counsel all reasonably requested additional financial records within 72 hours of such notification. If there is a non-filing co-borrower, creditor[s] may request financial information from the non-filing co-borrower in anticipation of the mediation if the filing debtor intends to use the non-filing co-borrower's income to qualify for a modification. Upon receipt of all documents, creditor[s]' counsel shall timely submit the documents to underwriting at least 10 days in advance of the mediation.

8. <u>Identification of Mediation Participants with Settlement Authority</u>. At least 21 days prior to the scheduled mediation, counsel for the creditor[s] must provide a completed Certification of Settlement Authority identifying the creditor[s]' representative[s] who will appear at the mediation to the mediator, and debtor[s]' counsel along with the case number of the action and contact information for all of the parties. The contact information must include the last known mailing address, phone number, and email address for each party. **At least one of the creditor[s]' representatives designated in the Certificate of Settlement Authority must attend any mediation session scheduled pursuant to this Order.** The creditor[s]' representative may appear telephonically as long as they also are available to sign a binding settlement agreement by facsimile, email, or other electronic means, at the time of the mediation. Creditor[s] may amend the Certificate of Settlement Authority to change the designated creditor[s]' representative no later than 5 days prior to the mediation session.

9. <u>Mediation Parties Must Attend Entire Mediation Session</u>. The trustee of a securitized loan or its fully authorized designee with complete and master servicer settlement authority (to settle within the guidelines of any third party, or subject to any third party investor approval) or a specialist from the creditor[s]' mortgage modification department with complete and master servicer authority to settle must attend and continuously participate in the entire mediation session.

10. <u>Telephonic Attendance by Creditors</u>. Both counsel for the creditor[s] and the creditor[s]' representative designated in the Certificate of Settlement Authority may participate in the mediation by telephone. If counsel for the creditor[s] or the

creditor[s]' representative is not physically present at the mediation, each must be able to sign a binding settlement agreement by facsimile, email, or other electronic means, at the time of the mediation. Debtor[s] and debtor[s]' counsel or special counsel must be physically present at the mediation.

11. Mediator Report. Within 7 days of the conclusion of the mediation, the mediator is directed to file a written report indicating whether any agreement on a mortgage modification was reached. Parties are directed to promptly seek any necessary court approval for the mortgage modification and to formalize the modification in any needed legal documents.

12. Mediation Fee ($350.00). Upon filing this Motion to Mediate, the debtor[s] shall pay to his attorney the mediation cost of $350.00 for the mediator for two hours of mediation. The attorney is directed to disburse to the mediator this fee promptly upon the earlier of the mediator filing a report concluding the mediation, continuing the mediation, or upon modification of the loan. The mediator also is entitled to the full $350.00 fee (and the attorney is authorized to disburse the fee) if either party fails to timely cancel the mediation session or to attend a scheduled mediation session. A cancellation is considered timely if it is received by the mediator and all parties no later than 14 days prior to the scheduled mediation date.

13. Creditor Fee. Counsel for the creditor[s] is entitled to receive a reasonable fee for all work involved in connection with the mediation, including requesting and reviewing documents, preparing for the mediation, scheduling the mediation, and attending the mediation, and will clearly delineate such fee in the completed agreement or by amended proof of claim.  Creditor[s] shall bear its own attorney's fees and costs.

14. Debtor[s]' Counsel Fee. Debtor[s]' counsel also is entitled to receive a reasonable attorney's fee, and shall file supplemental or amended Disclosure of Attorney's Fee as required by Bankruptcy Rule 2016(b) within 15 days of receipt.  Debtor[s]' shall bear its own attorney's fees and costs.

15. Written Roll. Prior to the commencement of any mediation conference, the mediator shall take a written roll listing the presence of the debtor[s], debtor[s]' counsel, if any, creditor[s]' counsel, and creditor[s]' representative with full authority to settle within the guidelines of any third party or subject to any third part investor's final approval. If the mediator determines that a needed party is not present, the mediator shall report the non-appearance by that party on the written roll. If the mediator determines that the creditor[s]' representative present does not have full authority to settle pursuant to the Certificate of Settlement Authority, the mediator shall report that the creditor[s]'representative did not appear on the written roll as a representative with full settlement authority as required by this Order.

The written roll and communication of authority of the mediator is not a mediation communication. If a mediation does not occur because a party fails to attend or the creditor[s]' representative lacks settlement authority, the Court may order the non-attending party to physically appear at all future scheduled mediations, tax costs of another mediation to the non-attending party, or impose other sanctions as the Court deems appropriate, including entering an Order Granting the Modification of the Mortgage substantially complying with the HAMP guidelines or awarding attorney's fees and costs to the opposing party.

16. Privileged Communications. All statements made by the parties, attorneys, and other participants at or associated with the mediation (except as provided in paragraph 16

above regarding the written roll) are privileged and not reported, recorded, or placed into evidence, made known to the Court, or construed for any purposes as an admission. No party shall be bound by any statement made or action taken at the mediation conference unless an agreement is reached.

17. <u>Stay Lifted to Allow Loan Modification</u>. The automatic stay is modified, to the extent necessary, to facilitate the mortgage creditor[s]' loan modification terms pursuant to this Order. The parties shall timely submit any agreed loan modifications to the Court for approval.

18. **All parties are directed to comply with this Order and to engage in the mediation process in good faith. Failure to do so may result in the imposition of damages and sanctions**.

DONE and ORDERED in Jacksonville, Florida, this 4th day of March, 2014

_____
Paul M. Glenn
United States Bankruptcy Judge

Attorney Donald M. DuFresne is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of this order.